**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAN FRANCISCO DRYDOCK and SIGNAL MUTUAL INDEMNITY ASSOCIATION, LTD., <br><br> Petitioners, <br><br> v. <br><br> CAMILO E. ZAPANTA and DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM, <br><br> Respondents. | No. 13-73130 <br><br> BRB No. 13-0215 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted November 18, 2015
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and M. SMITH, Circuit Judges.

Petitioner San Francisco Drydock ("Drydock") seeks review of an award of

disability benefits to Camilo Zapanta under the Longshore and Harbor Workers'

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Compensation Act ("LHWCA"), 33 U.S.C. §§ 901–950. We have jurisdiction under 33 U.S.C. § 921(c), and we affirm.

I

The ALJ's finding that Zapanta intended to work two jobs is clearly supported by substantial evidence. The ALJ credited Zapanta's testimony that he intended to keep both jobs—a determination to which we give "great weight." *See Healy Tibbitts Builders, Inc. v. Dir., Office of Workers' Comp. Programs*, 444 F.3d 1095, 1103 (9th Cir. 2006) (citation omitted). Moreover, Zapanta continued to work at both jobs for at least eight days following his injury, and he worked two jobs on previous occasions. Likewise, Zapanta's Drydock supervisor testified that Zapanta "was not normally a swing shift person and worked the swing shift to accommodate his Berlex job"—a fact that the ALJ reasonably interpreted as supporting Zapanta's testimony that he intended to continue working at both jobs. The fact that the ALJ placed less weight on written documentation and more weight on Zapanta's testimony, his post-injury conduct, and the testimony of his supervisor "is no basis for [this Court] to disturb [the ALJ's] ruling." *See id.* at 1103.

2

## II

Likewise, contrary to Drydock's assertions, the ALJ did not fail to consider the shrinking nature of the Bay Area ship repair industry when determining Zapanta's average weekly wage. On the contrary, the ALJ recognized that calculation of Zapanta's average weekly wage "should take into consideration the sporadic nature of the work that was available." As such, the ALJ rejected Zapanta's argument that his average weekly wage should be calculated based on full-time shipyard earnings, and instead determined that wage by calculating Zapanta's actual earnings from his shipyard jobs during the fifty-two weeks preceding his injury. That method of calculation is surely one that a "reasonable mind might accept as adequate to support [the ALJ's] conclusion." *Rhine v. Stevedoring Servs. of Am.*, 596 F.3d 1161, 1165 (9th Cir. 2010) (quoting *Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997)).

## III

Because Drydock has conceded at oral argument that its additional claims are waived, we do not address them.

**AFFIRMED.**

3